UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM GALLEN ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| DYNAMIC RECOVERY ) | |
| SOLUTIONS, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Adam Gallen, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Adam Gallen, (hereinafter, Plaintiff), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Adam Gallen, is an adult natural person residing at 2020 Arthur Street, Philadelphia, PA 19152. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Dynamic Recovery Solutions, LLC, (hereafter, Defendant) at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of South Carolina with a principal place of business located at 135 Interstate Blvd., Suite 6, Greenville, SC 29615.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or about late September, 2012, Plaintiff started to receive calls to his personal cell phone from Defendant's agent, "Patricia", attempting to collect on two (2) alleged delinquent accounts.

8. During one particular call, Defendant's agent, "Patricia", informed the Plaintiff that he owed on a CitiFinancial account and a Mobil Credit Card account.

9. Plaintiff was said to owe a balance of $3,500.00.

10. Plaintiff did not have immediate recognition of either account that the Defendant was trying to collect on.

11. Plaintiff requested validation on these alleged accounts.

12. At that time, Defendant's agent, "Patricia", informed the Plaintiff that the CitiFinancial account was from 1993.

13. Defendant's agent further informed the Plaintiff that the Mobile account was from 1997.

14. Plaintiff informed the Defendant that he was certain both accounts would have been paid off long ago.

15. Plaintiff inquired as to why the Defendant would be collecting on accounts that would be between fifteen (15) and twenty (20) years old.

16. Plaintiff again requested validation in writing on these accounts before agreeing to make any payment arrangements with the Defendant.

17. Defendant's agent, "Patricia", stated that this was all the information that she had on either account and that there was nothing that she could send to the Plaintiff.

18. Defendant's agent also stated that she did not know when a payment was last made on either account or when they had been placed with the Defendant for collection.

19. Despite not being able to supply the Plaintiff with any validation of the alleged outstanding accounts, Defendant's agent, "Patricia", continued to ask the Plaintiff for his credit card number or a checking account number.

20. Plaintiff was continually asked how he intended to pay off these debts.

21. Plaintiff again insisted on validation.

22. At a certain point in the conversation, Defendant's agent, "Patricia", confusingly told the Plaintiff to just forget about the CitiFinancial account and pay her on the Mobile account.

23. Plaintiff refused, stating that he was not sending the Defendant $3,500.00 without validation of these accounts.

24. Before ending the call, Defendant's agent, "Patricia", stated that she would just be marking the Plaintiff's file as a refusal to pay.

25. To date, Plaintiff has never received anything in writing from the Defendant regarding this matter.

26. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

27. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. At all times pertinent hereto, Defendant, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, herein.

29. As a result of the conduct of Defendant, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

30. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

## COUNT I – FDCPA

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> §§ 1692d:  Any conduct the natural consequence of which is to harass, oppress or abuse any person

| | |
|---|---|
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication |
| §§ 1692g(b): | Collector must cease collection efforts until the debt is validated |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Dynamic Recovery Solutions, for the following:

a.   Actual damages;

d.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

34. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

35. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

36. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

37. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

38. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

39. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

40. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

41. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

42. The foregoing paragraphs are incorporated herein by reference.

43. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

44. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

45. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.   Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.   Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

46.   As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

47.   By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.   An Order declaring that Defendant violated the UTPCPL;

b.   Actual damages;

c.   Treble damages;

d.   An award of reasonable attorney's fees and expenses and cost of suit; and

e.   Such additional relief as is deemed just and proper, or that the interest of justice may require.

V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: November 9, 2012

BY: */s/Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
610-489-6060
610-489-1997 (fax)
Attorney for Plaintiff
bvullings@vullingslaw.com